UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETROIS T. DIXSON, | 2:24-cv-00332 SCR P |
| Plaintiff, | ORDER |
| v. | |
| F. MOHAMMAD, | |
| Defendant. | |

Plaintiff Demetrois Dixson, a state prisoner, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned pursuant to Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's complaint and motion to proceed in forma pauperis are before the court. The complaint states an Eighth Amendment excessive force claim and a First Amendment retaliation claim against defendant Mohammad, but fails to state any other claims upon which relief can be granted. Plaintiff may use the attached form to notify the court whether he will proceed on the complaint as screened or file an amended complaint.

**I.     In Forma Pauperis**

Plaintiff's declarations in support of the motion to proceed in forma pauperis (ECF Nos. 5, 8) make the showing required by 28 U.S.C. § 1915(a). The request to proceed in forma pauperis is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to

1

collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.     Screening Requirement

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## III.    Allegations in the Complaint

On July 3, 2023, at California Medical Facility, plaintiff approached the front door of his unit to be released from the building to attend "DRP" class. (ECF No. 1 at 8.) Defendant, C/O Mohammad, demanded to see plaintiff's DRP card. (Id.) When plaintiff showed the card,

defendant stated it was "no-good." (Id.) Plaintiff suggested defendant call the DRP officer. (Id.)

Defendant ordered plaintiff to the dayroom. (ECF No. 1 at 8.) Plaintiff attempted to show another DRP card to defendant, who stated, "I don't want to see no other I.D." and violently grabbed plaintiff's wrist. (Id. at 9.) Defendant's fingernails scratched plaintiff and defendant twisted plaintiff's wrist to get the card in plaintiff's hand, causing pain and injuries. (Id.)

Plaintiff filed a "Citizen Complaint" on July 14, 2023. (ECF No. 1 at 10.) On July 30, 2023, defendant wrote a "false 115 RVR" charging plaintiff with using disrespectful language. (Id.) In November 2023, the RVR was reduced to a "128-G Chrono" due to there being no independent evidence to substantiate a finding for a serious RVR. (Id.) After the RVR was reduced, defendant's co-workers came to plaintiff's cell and confiscated all his personal property for approximately over a month. (Id.)

The complaint alleges violations of plaintiff's rights under the First, Eighth, and Fourteenth Amendments. (ECF No. 1 at 3-5.) Plaintiff seeks monetary compensation, declaratory judgment, and injunctive relief. (Id. at 6.)

IV.     **Discussion**

   A.     **42 U.S.C. § 1983**

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

As set forth below, plaintiff's complaint states an Eighth Amendment excessive force claim and a First Amendment retaliation claim. Plaintiff's complaint does not state a claim under the Fourteenth Amendment.

   B.     **Excessive Force (Eighth Amendment)**

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); U.S. Const.

amend. VIII. In order to establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); see also Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). The relevant factors may include (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7.

Plaintiff states a claim for relief against defendant Mohammad for excessive force in violation of the Eighth Amendment. No such claim is available under the Fourteenth Amendment. Excessive-force claims concerning incarcerated persons serving a term of imprisonment arise under the Eighth Amendment, so this claim cannot be analyzed under the Fourteenth Amendment's generalized notions of substantive due process. See United States v. Lanier, 520 U.S. 259, 272 n.7 (1997).

**C.     Retaliation (First Amendment)**

Plaintiff also states a First Amendment retaliation claim against defendant Mohammad. A retaliation claim in the prison context has five elements. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009); Watison v. Carter, 668 F.3d 1108, 1114 (2012). First, the plaintiff must allege he engaged in protected conduct, such as the filing of an inmate grievance. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). Second, the plaintiff must allege the defendant took adverse action against the plaintiff. Id. Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Watison, 668 F.3d at 1114. Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568-69 (internal quotation marks and emphasis omitted). Fifth, the plaintiff must allege "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

Plaintiff adequately alleges defendant took adverse action which did not advance

legitimate goals of the correctional institution and which was motivated by plaintiff's protected conduct of filing a Citizen Complaint. Plaintiff also adequately alleges defendant's conduct would chill or silence a person of ordinary firmness from future First Amendment activities. Plaintiff may proceed on a retaliation claim.

### D. No Other Claims

The complaint fails to state a claim based on defendant allegedly issuing plaintiff a false RVR. The filing of a false report by a prison official against a prisoner is not, by itself, a violation of the prisoner's constitutional rights. See Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984); Harper v. Costa, No. CIV S–07–2149 LKK DAD P, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), aff'd, 393 Fed. Appx. 488 (9th Cir. 2010) ("district courts throughout California ... have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983"). Thus, the alleged falsification of a disciplinary report does not present a stand-alone constitutional claim. See Luster v. Amezcua, No. 1:16-cv-0554-DAD-GSA-PC, 2017 WL 772141, at *5 (E.D. Cal. Feb. 27, 2017).

In addition, the complaint does not state a claim for deprivation of plaintiff's property. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (deprivation of a prisoner's property fails to state a claim under 42 U.S.C. § 1983 because California state law provides an adequate post-deprivation remedy). An exception to this general rule exists when the official acted pursuant to an established procedure. See Zimmerman v. City of Oakland, 255 F.3d 734, 738 (9th Cir. 2001). Plaintiff's allegations do not invoke the exception. Under the circumstances, plaintiff does not state a due process claim based on deprivation of property.

### V. Conclusion and Order

The complaint states an Eighth Amendment excessive force claim and a First Amendment retaliation claim against defendant Mohammad. If plaintiff elects to proceed on the complaint as screened, the court will order service of the complaint on defendant Mohammad.

////

////

No other claims are stated, but plaintiff is granted leave to amend. Plaintiff may use the attached form to notify the court whether he will proceed on the complaint as screened or file an amended complaint.

If plaintiff chooses to file an amended complaint, plaintiff has thirty days so to do. This opportunity to amend is not for the purposes of adding new, unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). The amended complaint should be titled "First Amended Complaint" and should reference the case number.

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis and renewed motion to proceed in forma pauperis (ECF Nos. 5, 8) are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth by separate order.

3. The Clerk's Office shall send plaintiff a blank civil rights complaint form.

4. Plaintiff's complaint (ECF No. 1) states an Eighth Amendment excessive force claim and a First Amendment retaliation claim against defendant Mohammad; no other claims are stated.

5. Within sixty (60) days of the date of this order plaintiff shall notify the court how he chooses to proceed. Plaintiff may use the form included with this order for this purpose.

6. Failure to respond to this order may result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated: October 3, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETROIS T. DIXSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>F. MOHAMMAD,<br><br>　　　　Defendant | No. 2:24-cv-00332 SCR P<br><br>PLAINTIFF'S NOTICE OF ELECTION |

Check one:

\_\_\_\_\_   Plaintiff wants to proceed on the complaint as screened with an Eighth Amendment excessive force claim and a First Amendment retaliation claim against defendant Mohammad. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims.

\_\_\_\_\_   Plaintiff wants to amend the complaint.

\_\_\_\_\_   Plaintiff wants to stand on the complaint as filed after which the magistrate judge will issue findings and recommendations to dismiss all non-cognizable claims and a district judge will be assigned to the case and will determine what claims are stated.

DATED:_____                         _____

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Demetrois T. Dixson
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1